IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

PAUL LEIGHTON,

   Plaintiff,

v.

THREE RIVERS SCHOOL DISTRICT,

   Defendant.

Civ. No. 1:12-cv-01275-CL

**REPORT AND RECOMMENDATION**

CLARKE, Magistrate Judge.

This matter comes before the Court on a Motion for Leave to File an Amended Complaint (#40) filed by Plaintiff Paul Leighton ("Plaintiff") and opposed by Defendant Three Rivers School District ("Defendant"). For the reasons set forth below, Plaintiff's motion (#40) should be DENIED.

## BACKGROUND

On July 13, 2012, Plaintiff filed a Complaint (#1) before this Court alleging Defendant violated the Americans with Disabilities Act, Title VII of the Civil Rights Act of 1964, and Or. Rev. Stat. § 659A.046. Defendant filed an answer (#4) on August 8, 2012. On October 10, 2012,

the Court held a telephonic FED. R. CIV. P. 16 conference (#6) in which the parties agreed to complete discovery by March 11, 2013.

Thereafter, the Court extended discovery for this case five times (#8, #15, #22, #26, #31). Defendant requested each extension. Plaintiff did not oppose them. In response to last of Defendant's requests, the court ordered (#34) the parties to complete discovery by June 30, 2014 and to file any dispositive motions by August 1, 2014.

In line with this order, on August 1, 2014, Defendant filed a motion for summary judgment (#36) as to all of Plaintiff's claims. On August 19, 2014, Plaintiff filed a Motion (#40) to Amend his Complaint to add a claim that Defendant violated Or. Rev. Stat. § 659A.199 when it allegedly retaliated against him for making an occupational health and safety complaint. Though fully briefed, the Court has agreed (#46) to withhold ruling on the pending summary judgment motion until the content of Plaintiff's Complaint is confirmed.

## LEGAL STANDARD

After the initial pleading stage, a plaintiff may amend his "pleading only with the opposing party's written consent or the court's leave." FED. R. CIV. P. 15(a)(2). FED. R. CIV. P. 15(a) instructs the Court to "freely give leave when justice so requires." Although this "rule should be interpreted with 'extreme liberality,' leave to amend is not to be granted automatically." *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990) (quoting *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981)) (internal citation omitted). Whether to grant leave to amend lies within the sound discretion of the trial court. *Webb*, 655 F.2d at 979. In exercising this discretion, the court "must be guided by the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities." *Id.*

//

## DISCUSSION

There are several factors the Court should consider when assessing the propriety of amendment: (1) undue delay, (2) bad faith, (3) prejudice to the opposing party, (4) futility of amendment, and (5) repeated failure to cure deficiencies through prior amendment. *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004) (citing *Nunes v. Ashcroft*, 348 F.3d 815, 818 (9th Cir. 2003)). Absent prejudice or a strong showing of the other factors, there is a presumption under Rule 15(a) in favor of granting leave to amend. *Eminence Capital, L.L.C. v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). The Court considers each factor in turn.

### I. Undue Delay

A substantial delay on the part of the moving party, while not dispositive, is nevertheless relevant, especially if unexplained. *See Lockheed Martin Corp. v. Network Solutions Inc.*, 194 F.3d 980, 986 (9th Cir. 1999) (finding a motion to amend filed after several months with no reason given for the delay supported the district court's denial of leave). In evaluating delay, the Court may consider whether the moving party knew or should have known the facts and theories raised by the amendment at the time the original pleading was filed. *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 953 (9th Cir. 2006) (15-month delay between notice of new theory and request for leave was unreasonable).

Plaintiff filed his Motion to Amend over two years after he filed his original Complaint. Discovery had already closed and Defendant had filed a dispositive motion. Plaintiff offers no explanation for this extraordinary delay beyond counsel's oversight. Indeed, Plaintiff concedes he knew the facts and theories related to the proposed claim when he filed this suit. Pl.'s Mot. to Amend, at 2; Franell Decl. Ex. 1. Plaintiff's unexplained two-year delay in attempting to set forth a claim of which he has been aware since the inception of this action weighs against

granting Plaintiff's motion. *See Royal Ins. Co. of Am. v. Sw. Marine*, 194 F.3d 1009, 1016-17 (9th Cir. 1999) (the court does not look favorably on late amendments to assert new theories when the movant knew of the new theory since the cause of action began).

## II.  Bad Faith

Bad faith in filing a motion for leave to amend exists when the addition of new legal theories are baseless and presented for the purpose of prolonging the litigation, *see Griggs v. Pace American Group, Inc.*, 170 F.3d 877, 881 (9th Cir. 1999), or when the adverse party offers evidence that shows "wrongful motive" on the part of the moving party. *See DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987). Nothing in the record suggests bad faith by Plaintiff in bringing his Motion to Amend. Accordingly, this factor is neutral in the Court's analysis.

## III.  Prejudice

Prejudice to the opposing party carries the "greatest weight" in determining whether to deny leave to amend. *Eminence Capital, LLC*, 316 F.3d at 1052. A need to reopen discovery, a delay in the proceedings, or the addition of complaints or parties are indicators of prejudice. *See, e.g., Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (affirming district court's denial of motion to amend pleadings filed five days before close of discovery where additional causes of action would have required additional discovery, prejudicing defendant and delaying proceedings); *Solomon v. N. Am. Life and Cas. Ins. Co.*, 151 F.3d 1132, 1139 (9th Cir. 1998) (holding the district court did not abuse its discretion in denying plaintiff's motion to amend on grounds of undue delay and prejudice where the motion was made "on the eve of the discovery deadline . . . [and] would have required re-opening discovery, thus delaying the proceedings").

As the non-moving party, Defendant bears the burden of establishing prejudice. *DCD Programs, Ltd.*, 833 F.2d at 187. Defendant asserts that it would be prejudiced by amendment because (1) discovery has closed and did not sufficiently address the contours of the proposed claim, and (2) its pending summary judgment motion does not discuss the new claim. If the Court granted Plaintiff's motion, Defendant says the Court would need to reopen discovery[1] and Defendant would be forced to incur additional discovery and briefing costs.

Plaintiff argues Defendant would not be prejudiced because his proposed claim under Or. Rev. Stat. § 659A.199, which prohibits whistleblower retaliation, is not new to the case or its evidence. The record reveals that Plaintiff previously indicated an intention to claim that Defendant retaliated against him for making safety complaints. In an underlying complaint filed with the Oregon Bureau of Labor & Industries, dated June 17, 2011, Plaintiff specified that he had suffered retaliation and noted "I have been discriminated against because I do report safety violations." Franell Decl. Ex. 1. In the original Complaint filed before this Court, Plaintiff summarized, "[t]his action alleges . . . retaliation against Plaintiff because he reported safety violations." Compl., at 2. The Complaint also generally outlines the factual basis of the new claim: Plaintiff filed a complaint with the state regarding his employer's safety violations and, thereafter, Defendant treated him less favorably than other employees. Compl., at 3-4.

---

[1] The Court reviewed Plaintiff's existing Complaint to determine whether any of its claims are sufficiently related to Plaintiff's new claim to obviate the need for additional discovery. The elements of Plaintiff's existing Title VII retaliation claim mirror those of the proposed state law retaliation claim. *See Ray v. Henderson*, 217 F.3d 1234, 1240 (9th Cir. 2000) (to establish Title VII retaliation, employee must show he engaged in a protected activity, his employer took adverse action against him, and there is a causal link between the protected activity and the adverse action); *Neighorn v. Quest Health Care et al.*, 870 F.Supp.2d 1069, 1101-02 (D. Or. 2012) (to establish prima facie case under Or. Rev. Stat. § 659A.199, plaintiff must show he engaged in a protected activity, suffered an adverse employment decision, and there was a causal link between the two). However, Title VII and Or. Rev. Stat. § 659A.199 diverge in their protections. Title VII protects participation in any investigation, proceeding, or hearing under Title VII as well as any opposition to any practice made unlawful by Title VII. 42 U.S.C. § 2000e-3. The occupational safety investigation spurred by Plaintiff's complaint was not brought pursuant to Title VII and Title VII does not make unsafe working conditions unlawful. *Rodriguez v. Beechmont Bus Serv., Inc.*, 173 F.Supp.2d 139, 150 (S.D.N.Y. 2001). Thus, Defendant's discovery regarding Title VII retaliation did not serve the dual purpose of adequately informing Defendant regarding Plaintiff's proposed claim that he was retaliated against for making a safety complaint.

Page 5 – Report & Recommendation

Defendant was aware of Plaintiff's factual allegations regarding his occupational health and safety complaint. In preparation for depositions, Defendant's counsel repeatedly requested clarification on the scope of Plaintiff's claims. Stellwagen Decl. Ex. 1-7. Specifically, Defendant's counsel asked Plaintiff's counsel whether Plaintiff had plans to dismiss his ADA and Title VII claims and proceed with only an "OSHA retaliation claim." Stellwagen Decl. Ex. 1-2. In June 2014, Plaintiff's counsel responded, "I have had several discussions with my client regarding the three claims in our complaint. At this point, [Plaintiff] still desires to pursue all three claims." Stellwagen Decl. Ex. 7, at 1. Defendant reasonably relied on this assurance and limited its discovery accordingly.[2]

In general, "an amended complaint is not permitted after the close of discovery and after a motion for summary judgment has been filed." *Howard v. Klika*, No. CIV.03-792-AA, 2004 WL 2966911, at *1 (D. Or. Dec. 15, 2004). The Court sees no reasons to depart from this general rule. During discovery, Defendant specifically asked Plaintiff whether he planned to pursue the claim he now proposes to add. Plaintiff assured Defendant that the scope of this suit was limited to the three claims named in the original Complaint. Defendant reasonably limited its focus in reliance on this statement. To now allow Plaintiff to add this claim, after the close of discovery and while a motion for summary judgment is pending, would be to prejudice Defendant. *See Bassani v. Sutton*, 430 F.App'x 596, 597 (9th Cir. 2011) (holding "the district court's ultimate conclusions — that there would be undue delay and prejudice to the defendants if [plaintiff] were allowed to amend his complaint two years into litigation and after the close of discovery — were not an abuse of discretion"); *Lockheed Martin Corp.*, 194 F.3d at 986 ("A need to reopen

---

[2] Plaintiff notes the parties briefly touched on the facts underlying the proposed new claim in discovery. Specifically, in a deposition, Plaintiff testified that Defendant treated him differently after he filed a safety complaint. Franell Decl. Ex. 2, at 6 (Leighton Dep. 254:2-25). However, the prooffered deposition excerpt does not establish that Defendant would not require more in-depth discovery on this matter if the Court granted the Motion to Amend.

discovery and therefore delay the proceedings supports a district court's finding of prejudice from a delayed motion to amend the complaint."). The prejudice factor weighs strongly in favor of denying Plaintiff's motion.

### IV. Futility of Amendment

The test for futility is whether the amendment can survive a motion to dismiss under Rule 12(b)(6). *See Foulton v. Advantage Sales & Marketing, LLC*, No. 3:11-cv-01050-MO, 2012 WL 5182805, *2-3 (D.Or. Oct. 18, 2012) (applying the *Iqbal* and *Twombly* "plausibility" standard to the court's futility analysis). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 570 (2007)).

The viability of Plaintiff's new claim turns on evidence not presently before the Court. Accordingly, the Court cannot conclude on the current record whether or not Plaintiff's proposed amendment is futile. *Nguyen v. Saxon Mortgage Servs., Inc.*, No. CV-10-353-HZ, 2011 WL 2600998 (D. Or. June 30, 2011). This factor is neutral in the Court's analysis.

### V. Repeat Amendments

This is Plaintiff's first attempt to amend his Complaint. Plaintiff has not taken multiple bites at the apple by alleging and realleging the same theory in an attempt to cure pleading deficiencies. *See Eminence Capital, L.L.C.*, 316 F.3d at 1053. While this factor weighs in Plaintiff's favor, it is insufficient to overcome the undue delay and prejudice to which Defendant would be subject if the Court were to grant Plaintiff's motion. *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d, 1149, 1160 (9th Cir. 1989) (leave to amend need not be granted where

amendment of the complaint would cause the opposing party undue prejudice or create undue delay).

## VI. Conclusion

In sum, the five factors discussed above weigh against granting Plaintiff's Motion to Amend. Amendment would unduly delay the proceedings and prejudice Defendant.

### RECOMMENDATION

Based on the foregoing, the Court should DENY Plaintiff's Motion for Leave to File an Amended Complaint (#40).

This Report and Recommendation will be referred to a district judge. Objections, if any, are due no later than fourteen (14) days after the date this recommendation is filed. If objections are filed, any response is due within fourteen (14) days after the date the objections are filed. *See* FED. R. CIV. P. 72, 6. Parties are advised that the failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED this 3 day of October 2014.

MARK D. CLARKE
United States Magistrate Judge